UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SUMIT MANDHAN,
Petitioner,
v.
MARKWAYNE MULLIN, *et al*.,
Respondents.

Case No. 1:26-cv-04809 (EJD)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Sumit Mandhan is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 8 U.S.C. § 2241. For the reasons that follow, the Petition is denied.

## I. BACKGROUND

Petitioner entered the United States on April 19, 2023 fleeing his home country of India. Dkt. No. 1 ¶ 22. Following his entry, Petitioner was briefly detained by immigration authorities, served a Notice to Appear placing him in removal proceedings under INA section 240, and then released. *Id.* ¶ 23; Dkt. No. 5 at 8, 10. He claims to have timely filed for asylum and completed the other conditions of his release. Dkt. No. 1 ¶ 23.

On June 19, 2026 Petitioner was arrested in Redding, California for violation of Cal. Penal Code § 487(a), Grand Theft of Money, along with additional offenses. Dkt. No. 5 at 15, 22. It appears that Petitioner's criminal case remains pending. Petitioner was detained by U.S. Immigration and Customs Enforcement on June 20, 2026 following his release from Siskiyou County Jail. *Id.* at 15. The instant petition followed.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every



United States District Court
Eastern District of California

individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner challenges his continued detention on the grounds that he is being unlawfully detained under the Immigration and Nationality Act ("INA") and associated bond regulations, and that his detention without a pre-deprivation hearing violated due process. Dkt. No. 1 ¶¶ 57–68. Respondents contend that the Petition should be denied for two reasons. First, referring to Petitioner's arrest for "Grand Theft of Money" under Cal. Penal Code § 487(a), Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) and must exhaust his administrative remedies by requesting a bond hearing where an immigration judge may assess the applicability of § 1226(c)(1)(E) before seeking habeas relief. Dkt. No. 5 at 2–3. Second, Respondents argue that Petitioner's detention is also mandatory under 8 U.S.C. § 1225(b)(2)(A). *Id*. at 3.

### A. Exhaustion

The Court need not reach the question of whether Petitioner is detained in violation of the INA and bond regulations, because Petitioner has not exhausted his administrative remedies with respect to the applicability of the appropriate detention statute. Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require

that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).

Here, 8 U.S.C. § 1226(c)(1)(E) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating detention for a noncitizen "who falls into one of several enumerated categories involving criminal offenses." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis in original). At a *Joseph* hearing, Petitioner "may avoid mandatory detention by demonstrating that he is not [a noncitizen], was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The *Joseph* hearing process enables Petitioner to challenge his mandatory detention under § 1226(c)(1)(E), and the immigration court has the expertise necessary to develop the record and reach a proper decision—a step which appears necessary here, as Petitioner contends in his reply brief that "[t]he alleged charges against the Petitioner does not subject him to mandatory detention provision at 8 U.S.C. § 1226(c) and/or the Laken Riley Act." Dkt. No. 6 at 4. Additionally, a *Joseph* hearing will allow DHS to correct its own mistakes, and avoid judicial review, if in fact Petitioner's arrests do not support detention under § 1226(c)(1)(E).

Accordingly, Petitioner's claim for violation of the INA is dismissed for failure to exhaust his administrative remedies. *See Buckley v. Chestnut*, No. 1:26-CV-02624-DAD-JDP, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion req requirements because petitioner's appeal of his *Matter of Jospeh* hearing was pending).

**B. Due Process**

Assuming that § 1226(c)(1)(E) controls Petitioner's detention, he was not entitled to notice

and a pre-deprivation bond hearing prior to his detention. As the Supreme Court explained in *Demore v. Kim*, mandatory detention under § 1226(c) is facially constitutional as detention under these circumstances has "a definite termination point," and "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore v. Kim*, 538 U.S. 510, 528, 529 (2003). While Petitioner has a protected liberty interest because he was previously released by immigration officers when he first entered the United States, his commission of a crime triggering mandatory detention under § 1226(c)(1)(E) after his release, justifies his re-detention without further process. *See Kumar v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-03858-JLT-SAB, 2026 WL 1707711, at *2 (E.D. Cal. June 12, 2026) (denying petition where Petitioner previously released on own recognizance, but re-detained pursuant to § 1226(c)(1)(E)); *Haryana-Sandhir v. Warden Golden State Annex*, No. 1:26-CV-0405-DJC-SCR, 2026 WL 1079374, at *1 (E.D. Cal. Apr. 21, 2026), *report and recommendation adopted*, No. 1:26-CV-0405-DJC-SCR, 2026 WL 1189129 (E.D. Cal. Apr. 30, 2026).

Though the Court finds that Petitioner's detention does not violate due process, denial of the Petition without prejudice is proper here for two reasons. First, the Supreme Court in *Demore* did not address the constitutionality of as-applied challenges to detention under § 1226(c). Indeed, the Supreme Court later clarified in *Nielsen v. Preap* that its statutory interpretation of § 1226(c) did "not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." 586 U.S. 392, 420 (2019). Accordingly, courts throughout this district have found that, under certain circumstances, due process requires provision of a bond hearing where a non-citizen has been detained under § 1226(c) for a prolonged period or was authorized to remain at liberty by immigration authorities after they learned of the crime at issue. Petitioner has not brought such a challenge here, but the facts may support a prolonged detention claim in the future. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 876 (E.D. Cal. 2022) ("Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), it has recognized that 'district courts

throughout this circuit have ordered immigration courts to conduct bond hearing for noncitizens held for prolonged periods under § 1226(c)' based on due process") (*quoting Martinez v. Clark*, 36 F.4th 1219, 1223 (9th Cir. 2022)).

Second, to alleviate due process concerns where a non-citizen's detention is based on an arrest or charges that were dismissed "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes, and concluding mandatory detention is not required when charges are never filed." *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (collecting cases); *see also*, *S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026); *E.C. v. Noem*, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *9–10 (D. Nev. Oct. 14, 2025). If Petitioner's charge is dropped in the future, § 1226(c)(1)(E) may no longer justify his continued detention without opportunity for a bond hearing.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Petitioner's claims for violation of the INA and applicable bond regulations are DENIED without prejudice so that Petitioner may exhaust his administrative remedies.

2. Petitioner's claim for violation of the due process clause is DENIED without prejudice to re-filing upon changed circumstances.

3. The Clerk of the Court is directed to enter judgment for Respondents and close this case.

**IT IS SO ORDERED.**

Dated: August 13, 2026

EDWARD J. DAVILA
United States District Judge